IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ATLAS GLASS & MIRROR, INC.,

Plaintiff,

v.

TRI-NORTH BUILDERS, INC.,

Defendant.

OPINION and ORDER

20-cv-368-jdp

---

Plaintiff Atlas Glass & Mirror, Inc. is suing defendant Tri-North Builders, Inc. for breach of contract, quantum meruit, and civil theft, alleging that Tri-North failed to pay Atlas the full amount owed for a window installation project. Tri-North has asserted a counterclaim against Atlas for breach of contract, alleging that Atlas is required by the parties' contract to pay Tri-North's attorney fees for a related lawsuit filed in Massachusetts. The court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is more than $75,000.

Tri-North has filed a motion for partial summary judgment on Atlas's claim for quantum meruit and the counterclaim for attorney fees. Dkt. 18. In response, Atlas filed what it called a motion under Federal Rule of Civil Procedure 56(d) to defer consideration of the motion until after the parties conducted discovery. Dkt. 24. But Atlas also raised some issues on the merits too. Tri-North then raised more new issues in responding to Atlas's Rule 56(d) motion.

The court isn't persuaded that Atlas needs discovery to respond to Tri-North's summary judgment motion. But Tri-North has shown that it's entitled to summary judgment because it

failed to address issues that are necessary to prevail on both claims. The court will deny both motions.

## ANALYSIS

Federal Rule of Civil Procedure 56(d) allows a court to deny or defer consideration of a summary judgment motion if the nonmoving party shows that "it cannot present facts essential to justify its opposition." But Atlas hasn't made that showing. Atlas contends that summary judgment is premature because Tri-North hasn't provided its automatic disclosures under Rule 26 yet. But Atlas doesn't explain how anything in those disclosures would be relevant to deciding the claim for quantum meruit and the counterclaim for attorney fees. And it doesn't identify any other discovery it needs for those claims either.

But the court declines to continue briefing Tri-North's motion for partial summary judgment because its opening brief ignores key issues relevant to deciding both claims as a matter of law. A claim for quantum meruit "is allowed for services performed for another on the basis of a contract implied by law to pay the performer the reasonable value of the services." *Ramsey v. Ellis*, 168 Wis. 2d 779, 784, 484 N.W.2d 331, 333 (1992). Tri-North doesn't contend that it paid Atlas the reasonable value of its service. Rather, Tri-North contends that it is entitled to summary judgment on this claim because it's undisputed that the parties had a contract.

Tri-North correctly cites the general rule that "breach-of-contract principles will govern the dispute" if "the parties have made an enforceable contract and there is no ground for rescission." *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 476 (7th Cir. 2009). But even when there is a contract between the parties, a party may bring a quasi-contract claim

such as promissory estoppel, unjust enrichment, or quantum meruit when the subject of the claim falls outside the contract. *See Kramer v. Alpine Valley Resort, Inc.,* 108 Wis. 2d 417, 421, 321 N.W.2d 293, 295 (1982); *Martineau v. State Conservation Comm'n*, 54 Wis. 2d 76, 81, 194 N.W.2d 664, 667 (1972); *Meyer v. The Laser Vision Inst.,* 2006 WI App 70, ¶ 26, 290 Wis. 2d 764, 781, 714 N.W.2d 223, 231. This appears to be what Atlas is alleging, and Tri-North doesn't address that issue in its motion, so it isn't entitled to summary judgment.

Tri-North's argument seems to rest on an assumption that the Court of Appeals for the First Circuit already determined that the services at issue in Atlas's quantum meruit claim are governed by the parties' contract. Atlas initially sued Tri-North in Massachusetts state court, but Tri-North removed the case to federal court and sought dismissal based on a forum selection clause. Both the district court and the court of appeals agreed with Tri-North that the forum selection clause was enforceable and governed the parties' dispute. *See Atlas Glass & Mirror, Inc. v. Tri-N. Builders, Inc.*, 997 F.3d 367 (1st Cir. 2021).

Neither the district court nor the court of appeals decided the merits of any of Atlas's claims. But even assuming that the court of appeals decided issues that bear on Atlas's quantum meruit claim, issue preclusion is an affirmative defense that the defendant must plead and prove. *See Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996, 998–99 (7th Cir. 2018); *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000). Tri-North neither raised such a defense in its answer nor explained in its motion how it satisfies all the requirements of such a defense. Although Tri-North discusses issue preclusion in response to Atlas's Rule 56(d) motion, that was too late. *Cf. White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021) (arguments raised for first time in reply brief are waived). In any event, Tri-North still hasn't raised a preclusion

defense in its answer, so any reliance on that defense is premature, and Tri-North hasn't shown that it's entitled to summary judgment on Atlas's quantum meruit claim.

Tri-North's claim for attorney fees is based on the following provision in the parties' contract:

> Subcontractor [Atlas] is responsible to Contractor [Tri-North] for the actual attorneys' fees and costs Contractor [Tri-North] may incur in enforcing any term or condition of this Contract, in connection with the defense or settlement of any claim or demand of Subcontractor [Atlas] or a Sub-subcontractor or arising from Subcontractor's [Atlas] breach of the Contract.

Dkt. 21-3, ¶ 20. Tri-North contends that the above clause applies to the Massachusetts litigation because "the fees and costs Tri-North incurred in the Massachusetts Action were incurred 'to enforce a term or condition' of the Subcontract, specifically the forum selection clause in the Subcontract." Dkt. 19, at 6. It asks the court to award "no less than $128,134.29." *Id.* at 7.

Tri-North's summary judgment motion fails to address two key issues for the counterclaim. First, Tri-North's motion doesn't discuss whether the provision is enforceable, even though Atlas raised that issue in its reply to the counterclaim. Dkt. 23, at 3. On its face, the attorney fees provision allows Tri-North to collect fees but not Atlas. Under some circumstances, one-sided provisions may be unenforceable. *See Johnson v. Waterstone Mortg. Corp.*, No. 19-CV-0652, 2020 WL 7695430, at *7–8 (E.D. Wis. Jan. 7, 2020) (invalidating one-side attorney fees provision); *see also Wisconsin Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶ 68, 290 Wis. 2d 514, 550, 714 N.W.2d 155, 173 (invalidating one-sided arbitration provision). Tri-North should have addressed that issue.

Second, Tri-North is asking the court to award a specific amount of fees, but its motion doesn't attempt to show that the amount is reasonable. Although the fee provision refers to

4

Case: 3:20-cv-00368-jdp   Document #: 39   Filed: 01/03/22   Page 5 of 6

"actual" fees rather than reasonable fees, the Court of Appeals for the Seventh Circuit reads in a reasonableness requirement to any contractual fee-shifting provision. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996). Atlas ignored this requirement in its summary judgment brief.

The court will deny Tri-North's motion for partial summary judgment because it isn't adequately supported. But at least some of the issues raised in Atlas's motion likely can be decided as a matter of law, so the court won't prohibit a second motion. However, the court expects the parties to address all issues that can be decided as a matter of law in any subsequent summary judgment motion. For example, it isn't clear why Tri-North included Atlas's quantum meruit claim in its motion, but not the closely related contract claim. There is no point in deciding claims in piecemeal fashion if there are no disputed factual questions. Tri-North acknowledges that it may wish to file a summary judgment motion on Atlas's other claims, Dkt. 38, at 2, suggesting it doesn't yet know whether those claims can be decided before trial. If Tri-North chooses to file another early summary judgment motion limited to the quantum meruit claim and the attorney fees counterclaim, Tri-North should be prepared to explain why it believes there are genuine issues of material fact on the other claims.

Tri-North also says that it "reserves all rights to recover additional fees incurred to enforce the terms of the Subcontract in this litigation." Dkt. 19, at 5 n.3. But two motions for attorney fees will simply lead to more inefficiency. If Tri-North intends to move for attorney fees incurred in this case, it should wait until the conclusion of the case, and then file one fee petition that complies with this court's procedures. *See* Preliminary Pretrial Packet, at 39, attached to Dkt. 15. Regardless how this case turns out, Tri-North should not expect to obtain fees for its unsuccessful motion for partial summary judgment.

ORDER

IT IS ORDERED that:

1.  Defendant Tri-North Builders, Inc.'s motion for summary judgment, Dkt. 18, is DENIED without prejudice.

2.  Plaintiff Atlas Glass & Mirror, Inc.'s motion under Rule 56(d), Dkt. 24, is DENIED.

Entered January 3, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge